Alexander K. Davison WSB#5-2492
Michael M. Roley WSB #8-6927
PATTON & DAVISON LLC
1920 Thomes Avenue, Suite 600
Cheyenne, Wyoming 82001
(307) 635-4111
alex@pattondavison.com
michael@pattondavison.com
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SUPPLYBIT, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>ELITE MINING, INC. and ELITE MOBILE UNITS, INC.<br><br>    Defendants. | Case No. 23-cv-00077-ABJ<br><br>Answer to Complaint |

**COMES NOW**, the Defendants, Elite Mining, Inc. and Elite Mobile Units, Inc., by and through their attorneys, Alexander K. Davison and Michael M. Roley, of Patton & Davison LLC, its firm of attorneys, and in response to the Plaintiff's Complaint states, adopting the paragraph sequence therein alleges as follows:

### INTRODUCTION

1. This paragraph represents Plaintiff's description of the issues arising in the case and no response is required. To the extent a response is required, Defendants deny the averments contained within this paragraph.

2. This paragraph represents Plaintiff's assertions of disputed facts and its conclusions of law which do not require an answer for the reason that this is the province of the finder of fact and the Court. This paragraph is therefore denied.

3. This paragraph represents Plaintiff's assertions of disputed facts and its conclusions of law which do not require an answer for the reason that this is the province of the finder of fact and the Court. Defendants specifically deny the allegation that Plaintiff has suffered $9,032,945 in damages. All other averments in this paragraph are likewise denied.

## THE PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and therefore deny this paragraph in its entirety.

5. Admitted as of the date of filing of the Complaint.

6. Admitted as of the date of filing of the Complaint.

7. Defendants deny this paragraph in part because it is unclear what the term "involved" means in the current context. Defendants admit this paragraph to the extent that part of their business operations entail providing services to customers within the cryptocurrency industry.

8. Defendants admit in part that Elite Mobile Units, Inc. is a subsidiary of Elite Mining, Inc. Defendants deny in part the balance of this paragraph because it is unclear what the term "equipment" alludes to.

## JURISDICTION AND VENUE

9. This paragraph represents Plaintiff's conclusion of law which does not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

10. This paragraph represents Plaintiff's conclusion of law which does not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

11. Admitted

12. Admitted.

13. Admitted.

14. Admitted.

## STATEMENT OF FACTS

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and therefore deny this paragraph in its entirety.

16. This paragraph describes the processes and purposes for how cryptocurrency is mined and contains no allegations or averments against the Defendants. Defendants do admit that Application Specific Integrated Circuit Miners are used to solve cryptographic problems when mining for cryptocurrency but deny that a typical system sells for between $1,000 and $10,000 depending on various factors and all other averments and inferences contained in this paragraph.

17. This paragraph describes the processes and purposes for how cryptocurrency is mined and contains no allegations or averments against the Defendants. Therefore, no response is required of Defendants. To the extent a response is required, Defendants deny this paragraph in its entirety.

18. Defendants are without knowledge or information sufficient to form a belief as to how Plaintiff operates its business and therefore deny this paragraph in its entirety.

19. Defendants admit that they provide hosting services to cryptocurrency mining companies but deny that that they provide "ancillary services to cryptocurrency mining companies" because it is unclear what "ancillary services" entails in this context.

20. Admitted.

21. Admitted.

22. This paragraph represents Plaintiff's interpretation of the parties' obligation under the Agreement. To the extent any response is required, Defendants deny any inferences or conclusions to be drawn from this averment and state that the Agreement speaks for itself.

23. Defendants admit this paragraph is a proper quotation of Section 1 of the parties' "Agreement" and admit that the Agreement speaks for itself. Any inferences or conclusions in this paragraph are denied.

24. Defendants admit this paragraph is a proper quotation of Section 3 of the "Agreement" and that the Agreement speaks for itself. Any inferences or conclusions in this paragraph are denied.

25. This paragraph represents Plaintiff's interpretations as to what Section 17 of the Agreement states. To the extent is response is required, Defendants deny the averments contained within this paragraph.

26. This paragraph represents a partial quotation of Section 17(C) of the Agreement. Defendants admit this is a correct partial quotation and deny any conclusions or inferences that may be drawn from the partial quotation and affirmatively assert that the Agreement speaks for itself.

27. This paragraph represents a partial quotation of Section 17(D) of the Agreement. Defendants admit this is a correct partial quotation and deny any conclusions or inferences that

may be drawn from the partial quotation but affirmatively assert that the Agreement speaks for itself.

28.     This paragraph represents a partial quotation of Section 17(H) of the Agreement. Defendants admit this is a correct partial quotation and deny any conclusions or inferences that may be drawn from the partial quotation but affirmatively assert that the Agreement speaks for itself.

29.     Defendants admit that an MOU was executed but affirmatively assert that the MOU speaks for itself.

30.     This paragraph represents a partial quotation of Section 1 of the Memorandum of Understanding. Defendants admit this is a correct partial quotation of the cited provisions and deny any conclusions or inferences that may be drawn from the partial quotation but affirmatively assert that the Agreement speaks for itself.

31.     This paragraph represents a partial quotation of Section 2(d) of the Memorandum of Understanding. Defendants admit this is a correct partial quotation of the referenced provision and deny any conclusions or inferences that may be drawn from the partial quotation but affirmatively assert that the Agreement speaks for itself.

32.     Admitted.

33.     Admitted.

34.     Defendants admit the parties executed the Amendment. The balance of this paragraph is a quotation of the Amendment to which Defendants admit is a correct quotation but affirmatively assert that the Agreement speaks for itself.

35.     Denied.

36. Defendants admit Plaintiff paid the additional $250,00 payment on or around the alleged date buy deny the remaining averments in this paragraph.

37. Defendants admit the number of miners supplied was approximately 1,400 miners. Defendants deny the allegation as to the alleged value of the miners.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

## ELITE AND ELITE MOBILE'S NEGLIGENCE CAUSES DELAYS AND DAMAGES TO SUPPLYBIT AND ITS MINERS

42. Defendants admit the descriptions in this paragraph are accurate with respect to the process of "immersion cooling." Defendants deny the averments that "immersion cooling" alone is "critical" to its business operations.

43. Denied.

44. Admitted.

45. Admitted.

46. Admitted.

47. Denied.

48. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

49. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

50. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

51. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

52. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

53. Denied for the reason that the averments in this paragraph represent Plaintiff's slant on the events and/or comments but do not represent a complete recitation of all of the relevant facts and circumstances.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments with respect to Plaintiff's beliefs about Defendant's performance and therefore deny in part. Defendants admit in part that Plaintiff eventually terminated the Agreement and requested a return of the miners.

55. Defendants admit that a letter was sent but deny any inferences set forth in this paragraph.

56. Admitted.

57. Denied.

58. This paragraph appears to represent Plaintiff's opinion as to the standard of care for securing the miners. To the extent a response is required, Defendants deny the allegation.

59. Denied.

60. Denied.

61. Denied in all parts.

## CAUSES OF ACTION

## COUNT I

**(Breach of Contract for Failure to Perform Pursuant to the Agreement, as Amended – Elite Mining Inc.)**

62. Defendants restate and incorporate their forgoing responses.

63. Defendant admits that the agreements were executed but asserts that they speak for themselves and therefore deny all other averments and inferences stated in this paragraph.

64. This paragraph represents Plaintiff's conclusion of law which do not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

65. Denied.

66. Denied.

67. Denied.

## Count II

**(Negligence – Shipping of Supplybit's Miners- Elite Mining Inc.)**

68. Defendants restate and incorporate their forgoing responses.

69. This paragraph represents Plaintiff's conclusion of law which do not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

70. Admitted.

71. Denied

72. Denied

## COUNT III

**(Negligence – Cleaning of Supplybit's Miners- Elite Mobile Units, Inc)**

73. Defendants restate and incorporate their forgoing responses.

74. This paragraph represents Plaintiff's conclusion of law which does not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

75. Denied.

76. Denied.

## COUNT IV

**(Implied Covenant of Good Faith and Fair Dealing)**

77. Defendants restate and incorporate their forgoing responses.

78. Defendant admits that the agreements were executed but asserts that they speak for themselves and therefore deny all other averments and inferences stated in this paragraph.

79. This paragraph represents Plaintiff's conclusion of law which does not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

80. This paragraph represents Plaintiff's conclusion of law which does not require an answer for the reason that it is the province of the Court. This paragraph is therefore denied.

81. This paragraph represents a statement of law from the Wyoming Supreme Court. Defendants admit these are accurate statements based on prior precedent but deny any inferences or conclusions that may be drawn from them as applied to the present case.

82. Denied.

83. All averments presented in the Complaint that are not admitted are denied.

**AFFIRMATIVE DEFENSES**

As further and separate defenses to Plaintiffs' Complaint, Defendants state as follows:

1. Plaintiff's claims fail to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of estoppel.

3. Plaintiff's claims are barred by the doctrine of waiver.

4. Plaintiff's damages are limited by their failure to mitigate their alleged damages.

5. Plaintiff's claims are barred by the doctrine of frustration of purpose.

6. Plaintiff's damages may be reduced or barred by the Plaintiff's own negligence or intentional acts (comparative fault).

7. Plaintiff's damages are limited by the speculative nature of the claimed damages

8. Defendants' liability is limited by the contract between the parties.

9. Plaintiff's claims are barred or reduced by the negligence of others.

10. Defendant reserves the right to raise as additional and further defenses all forms of relief which are discovered in the course of discovery and trial as this litigation matures.

**WHEREFORE**, Defendants request that Plaintiff takes nothing by his Complaint, that Plaintiff's Complaint be dismissed with prejudice, and that the Defendants receive their costs and attorney's fees, if applicable, and such other relief as the Court may deem just and proper the premises considered.

DATED this 8th day of November 2023.

ELITE MINING, INC. AND ELITE MOBILE UNITS, INC.

By: /s/ Michael M. Roley
Alexander K. Davison WSB#5-2492
Michael M. Roley WSB #8-6927
PATTON & DAVISON LLC
1920 Thomes Avenue, Suite 600
Cheyenne, Wyoming 82001
(307) 635-4111
alex@pattondavison.com
michael@pattondavison.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2023, a true and correct copy of the foregoing was served on the following by the indicated method:

| | |
|---|---|
| Mistee L. Elliot<br>Casey R. Terrell<br>CROWLEY FLECK, PPLP<br>101 W. Brundage St.<br>Sheridan, WY 82801<br>melliott@crowleyfleck.com<br>cterrell@crowleyfleck.com | ☒ U.S. MAIL AND EMAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☒ E-FILE |
| Zacharry Ziliak<br>James E. Griffith<br>Ryan Zeller<br>Ashley D. Pendleton<br>ZILIAK LAW, LLC<br>141 W. Jackson Blvd., Ste. 4048<br>Chicago, Illinois 60604<br>zachary@ziliak.com<br>jgriffith@ziliak.com<br>rzeller@ziliak.com<br>apendleton@ziliak.com | ☒ U.S. MAIL AND EMAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ E-FILE |

/s/ Michael M. Roley
PATTON & DAVISON LLC